UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Indira CameronBanks     Rebecca Hunter

Proceedings:     DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 29, filed on April 28, 2025)

## I. INTRODUCTION

On September 15, 2023, plaintiff Sascha B. Koch ("plaintiff") filed this action against defendants City of Los Angeles (the "City"); Officer Laura Brinkman ("Brinkman"); Officer Joshua Towe ("Towe"); Officer Manuel Vargas ("Vargas"); and Does 1-20 (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff asserts six claims for relief: (1) unlawful search and seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 ("Section 1983"), against Brinkman, Towe, Vargas, and Does 1-20; (2) a custom or policy of unlawful search and seizure in violation of the Fourth Amendment pursuant to Section 1983 against the City; (3) a violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1, against all defendants; (4) false arrest/imprisonment against all defendants; (5) negligence against all defendants; and (6) intentional infliction of emotional distress ("IIED") against all defendants. Compl. ¶¶ 53-120.

On April 28, 2025, the City, Brinkman, Towe, and Vargas filed the instant motion for judgment on the pleadings. Dkt. 29 ("Mot."). Defendants also submitted a request for judicial notice. Dkt. 30 ("RJN").

On May 1, 2025, upon joint stipulation of the parties, the Court dismissed plaintiff's first claim as to defendant Vargas only and dismissed plaintiff's second claim in its entirety. Dkts. 31-32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

On May 16, 2025, plaintiff filed an opposition to the motion for judgment on the pleadings. Dkt. 35 ("Opp."). In the opposition brief, plaintiff voluntarily dismissed his fourth claim for false arrest/imprisonment and fifth claim for negligence.[1] Opp. at 1.

On May 23, 2025, defendants filed a reply.[2] Dkt. 36 ("Reply").

On June 2, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts in his complaint.

Plaintiff is an individual resident of Los Angeles County, California. Compl. ¶ 16. The City is the principal employer of defendants Brinkman, Towe, and Vargas, who were police officers in the Los Angeles Police Department, a municipal agency. Id. ¶ 17. Defendants Does 1-20 were authorized employees of the Los Angeles Police Department and agents of the City. Id. ¶¶ 23-24. At all material times, plaintiff alleges that Brinkman, Towe, Vargas, and Does 1-20 acted with "the complete authority and ratification" of the Los Angeles Police Department and "implied and actual permission and consent of the City" and the Los Angeles Police Department. Id. ¶¶ 24, 26.

Plaintiff states that he is a "German-born immigrant to the United States who found success as a productive businessman and entrepreneur, performer[,] and producer." Id. ¶ 33. Plaintiff alleges that on November 18, 2021, defendants arrived at 19458 Ventura Boulevard, "heavily armed with full tactical gear and armored police vehicles." Id. ¶ 34. Plaintiff states that the officers were members of the Los Angeles Police Department's West Valley Vice Unit, Special Weapons and Tactics (SWAT) Unit, and West Valley Gang Enforcement Unit. Id. Plaintiff states that 19458 Ventura Boulevard

---

[1] Plaintiff also states in his opposition brief that he "voluntarily dismissed all claims against one of the three individuals." Opp. at 1. At oral argument, plaintiff's counsel clarified that all claims against defendant Vargas have been dismissed.

[2] Defendants argue that the Court should not consider plaintiff's opposition brief because it was filed three days late, in violation of Local Rule 7-9, forcing defendants to file their reply brief late. Reply at 1. The Court considers both the opposition brief and the reply brief, but admonishes plaintiff to abide by all Local Rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

consists of a "strip mall" with various business establishments, but the door of each unit is clearly marked with a unit number, including Unit 6 and Unit 7. Id. ¶ 35. When defendants arrived, plaintiff alleges that he was inside his unit, marked as Unit 6. Id. ¶ 36. At the time, plaintiff asserts that he was "socializing with friends and business colleagues playing card games," when his dog alerted him to a disturbance outside of the unit. Id. Plaintiff states that he stepped outside a little after 9:40 pm and was met with bright lights pointed at his face and officers "pointing firearms and shouting at him." Id. ¶ 37. Plaintiff alleges that he put his hands in the air and went back into his unit to alert his guests, who then exited with their hands raised. Id. Plaintiff alleges that the officers continued to shine bright lights and point their firearms at plaintiff and his guests, all of whom were detained, forced to provide identification materials, and questioned. Id. ¶ 38. Plaintiff describes this as a "terrifying experience." Id.

Subsequently, plaintiff alleges that defendant Towe pulled him away from Unit 6 and "began interrogating him." Id. ¶ 39. Plaintiff states that he was never told why he was being questioned, that he was under arrest, advised of his Fifth Amendment rights, or presented with a warrant to search Unit 6. Id. Further, plaintiff states that he did not give any of the officers his voluntary consent to enter the premises. Id. ¶ 40. Plaintiff alleges that at the time of the initial encounter, defendants encountered the entrances to both Unit 7 and Unit 6 of the strip mall, which were "clearly marked as separate units and could not be mistaken for each other." Id. ¶ 41. However, according to plaintiff, the Los Angeles Police Department only had a search warrant for Unit 7, not Unit 6. Id. ¶ 42. Plaintiff states that even though the officers, including Brinkman, Towe, and Vargas, observed and understood the clearly marked entrances, they engaged in "an extensive search" of Unit 6 starting at 10 pm, and "began unlawfully seizing personal property" within it and interrogating plaintiff and his guests. Id.

Plaintiff next states that he was placed in handcuffs and then into a police vehicle, in which he was transported to the Los Angeles Police Department's offices and further questioned by officers, including Towe and Brinkman, "into the early morning hours." Id. ¶ 44. Plaintiff alleges that he was questioned even after invoking his right to not be questioned without an attorney. Id. Plaintiff states that he was arrested for a misdemeanor offense, but booked and placed in a Los Angeles County jail for over four days. Id. ¶ 45. According to plaintiff, he was confused as to why he was there because he had no criminal history, and he was "shocked and terrified," "denied medical attention and treatment for his health conditions," and "left to languish and suffer." Id. ¶ 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

Plaintiff alleges that it was not until 11:55 pm, or "hours" after the search, seizure, and arrest of plaintiff, that the Los Angeles Police Department secured an amendment to their warrant for Unit 7 to include Unit 6. Id. ¶ 43. In this legal process, plaintiff states that defendant Vargas filed an affidavit with "patent omissions of material fact," not mentioning that the officers had already searched Unit 6, seized property from inside it, and detained and interrogated individuals. Id. Plaintiff alleges that material misrepresentations and omissions were also made to support the arrest and charges brought against him. Id. ¶ 46. In a preliminary hearing in his criminal case on August 17, 2022, plaintiff states that Brinkman falsely testified that she and the other officers did not enter and search Unit 6 or seize evidence from it until after securing a warrant. Id. ¶ 47. Plaintiff alleges that this "was directly contradicted by videos of the [p]remises" showing the officers entering, searching, and seizing personal property. Id.

Plaintiff states that on August 25, 2022, his criminal case was dismissed. Id. ¶ 48. According to plaintiff, the Los Angeles County Superior Court found that the officers had illegally entered and searched Unit 6, and that their conduct was not honest and reasonable because they knew, or should have known, that they only had a warrant to enter Unit 7. Id. Plaintiff asserts that the Los Angeles County Superior Court found that the warrant for Unit 6 was issued two hours after the officers had illegally entered, searched it, and seized property from within; that Vargas's affidavit omitted material facts that negated probable cause; and that the officers had violated the Fourth Amendment. Id.

Plaintiff alleges that the dismissal of the criminal complaint has not redressed the harm inflicted upon him. Id. ¶ 49. Plaintiff states that defendants "deliberately and unconstitutionally characterized" him as "participating in a felony conspiracy," irreparably harming his reputation and entrepreneurial business ventures. Id. ¶¶ 49-50. Additionally, plaintiff alleges that he had spent years preparing to be a United States citizen, but was ultimately "turned away from his own naturalization ceremony" and denied citizenship because of the "unsubstantiated" arrest and charges brought against him. Id. ¶ 51. Plaintiff states that he continues to suffer "extreme anguish and distress," as well as financial and business losses. Id. ¶ 52.

**III. LEGAL STANDARD**

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV.   DISCUSSION

Defendants argue that plaintiff's third, fourth, fifth, and sixth claims (the "state law claims") fail due to lack of compliance with California's Government Claims Act, Cal. Gov't Code § 900 *et seq.* (the "GCA") and defendants' immunity. Mot. at 3, 10. Defendants also argue that the false arrest/imprisonment, Bane Act, and negligence claims fail for independent reasons. Id. at 7. The Court addresses each issue in turn.

As an initial matter, the Court takes judicial notice of defendants' Exhibit A, the criminal court docket in The People of the State of California v. Sascha Benjamin Koch, Los Angeles County Superior Court Case No. LAVLA095857-01. See dkt. 29-2. This is because pursuant to Federal Rule of Evidence 201(b), the Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). Second, the Court takes judicial notice of defendants' Exhibit B, the claim submitted by plaintiff pursuant to the GCA on February 14, 2023. Dkt. 29-3. It appears to the Court that the date of submission of this claim is not subject to reasonable dispute and that the claim is a record of a municipal administrative body. See Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). Third, for the same reasons, the Court takes judicial notice of plaintiff's Exhibit B, which is the City's response to plaintiff's GCA claim, dated March 17, 2023. See id.; dkt. 35-3.

### A.   Government Claims Act

Defendants argue that the state law claims fail for lack of compliance with the GCA. Mot. at 3. Defendants argue that plaintiff's state law claims accrued when he was allegedly arrested, the premises were searched, his property was seized, and he was held in custody for four days. Id. at 6. Defendants thus contend that plaintiff's claims accrued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

on November 22, 2021, and any tort claim must have been presented to the City within six months of that date (or within a year, if plaintiff had sought leave to file a late claim). Id. Because plaintiff did not submit his tort claim to the City until February 14, 2023, defendants assert that his state law claims fail. Id.

In opposition, plaintiff argues that the City waived its right to assert a statute of limitations or GCA defense when it failed to raise the issue in its rejection of plaintiff's claim on March 17, 2023. Opp. at 3. Plaintiff contends that his administrative claim was submitted on February 14, 2023, within six months of the dismissal of his criminal case. Id. at 4. Plaintiff states that the City denied his claim on March 17, 2023, but the denial did not mention that the claim was untimely or notify plaintiff that he should seek leave for additional time to file the claim. Id. Because the City failed to comply with the notice provisions of Cal. Gov't Code § 911.3(a), plaintiff argues that the City is precluded from raising the statute of limitations or GCA defense. Id.

The GCA "requires a claimant to present a claim to the public entity within a specified time after accrual of the cause of action." Phillips v. Desert Hosp. Dist., 49 Cal. 3d 699, 705 (1989). Under Cal. Gov't Code § 911.3(a) ("Section 911.3(a)"), where a public entity receives an untimely claim, the entity has 45 days to provide written notice to the claimant that his claim was not timely filed and that it is "being returned without further action." Cal. Gov't Code § 911.3(a). The statute directs that the written notice "shall be in substantially the following form":

> The claim you presented to the (insert title of board or officer) on (indicate date) is being returned because it was not presented within six months after the event or occurrence as required by law. Because the claim was not presented within the time allowed by law, no action was taken on the claim.
>
> Your only recourse at this time is to apply without delay to (name of public entity) for leave to present a late claim. Under some circumstances, leave to present a late claim will be granted.
>
> You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Id. (internal citations omitted). The following provision, Section 911.3(b), states that if the public entity fails to provide written notice to the claimant as required by Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

911.3(a), "any defense as to the time limit for presenting a claim… is waived." Cal. Gov't Code § 911.3(b); see also Green v. State Ctr. Cmty. Coll. Dist., 34 Cal. App. 4th 1348, 1354 (1995) ("[T]he filing of a claim for damages which fails to comply substantially with the [GCA] triggers a duty by the public entity to notify the potential claimant of the claim's insufficiency stating, with particularity, the defects or omissions. If the public entity fails to send this notice, it *waives* any defenses as to the sufficiency of the claim based upon a defect or omission.") (emphasis in original).

Unlike the form of notice required by Section 911.3(a), the notice sent by the City to reject plaintiff's GCA claim stated as follows:

> The subject claim against the City has been referred to this office.
>
> After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.
>
> This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:
>
> \*\*\*WARNING\*\*\*
>
> "Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."
>
> "You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."

Dkt. 35-3. The notice provided by the City is not in "substantially" the same form as Section 911.3(a). Specifically, it does not state that plaintiff's claim was denied because it was untimely or that plaintiff's "only recourse at this time" is to apply for leave to present a late claim. See Cal. Gov't Code § 911.3(a). Accordingly, as mandated by Section 911.3(b), "any defense as to the time limit for presenting a claim… is waived." See also Kyles v. Baker, 72 F. Supp. 3d 1021, 1047 (N.D. Cal. 2014) ("The reason that defendants have waived a timeliness defense here is that the notice sent to Kyles does not comply with section 911.3(a). The notice completely omits the second paragraph of the exemplary language provided in the statute."); Phillips, 49 Cal. 3d at 711 ("[A]s [the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

hospital] failed to notify plaintiffs of any timeliness defects (§ 911.3, subd. (a)), the hospital has similarly waived any defenses it might have raised on the ground of plaintiffs' asserted failure to present a timely claim (§ 911.3, subd. (b))."); Jackson v. Brown, No. 1:13-CV-1055-LJO-SAB, 2015 WL 5522088, at *10, n.8 (E.D. Cal. Sept. 17, 2015), opinion amended and superseded in part, 134 F. Supp. 3d 1237 (E.D. Cal. 2015), and rev'd in part sub nom. Hines v. Youseff, 914 F.3d 1218 (9th Cir. 2019) (Finding that the public entity waived any timeliness defense under the GCA because "[t]he notice [it] provided to Belton only states, in relevant part, that Belton's 'claim is accepted only to the extent that it was presented no later than six months after the accrual of the cause of action.' The notice is far from substantially similar to the language provided for in § 911.3(a)."). Accordingly, the Court finds that the City waived a timeliness defense to plaintiff's state law claims because its response to plaintiff's GCA claim does not comply with Section 911.3(a).

### B. State Law Immunities

Defendants contend that they are immune from prosecution on the state law claims. Mot. at 10. First, defendants argue that, pursuant to Cal. Gov't Code § 820.2, public employees cannot be held liable for an act or omission that was the result of an exercise of discretion. Id. Next, defendants assert that, pursuant to the immunity afforded by Cal. Gov't Code § 821.6 and Cal. Civ. Code § 47, "any claims based on the prosecution itself, including alleged misrepresentations during court, cannot form the basis of this civil action." Id. at 11. Defendants contend that, if plaintiff attempts to state a claim based on the fact that felony charges were filed in lieu of misdemeanor charges, such prosecutorial decisions are also immunized. Id.

In opposition, plaintiff contends that defendants cannot be immune from their intentional decision to enter and search Unit 6 knowingly without a warrant. Opp. at 8.

In reply, defendants assert that plaintiff did not address their arguments in his opposition brief. Reply at 4.

The Court addresses each statutory provision in turn. Cal. Gov't Code § 820.2 states: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." However, discretionary immunity under California law only applies to *deliberate and*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

*considered* policy decisions, in which a [conscious] balancing [of] risks and advantages… took place." Caldwell v. Montoya, 10 Cal. 4th 972, 981 (1995) (emphasis in original) (citation omitted). California cases "have carefully preserved the distinction between policy and operational judgments," rejecting claims of immunity for a "bus driver's decision not to intervene in one passenger's violent assault against another" and "a police officer's negligent conduct of a traffic investigation once undertaken." Id. at 981-982. Defendants have the burden to demonstrate "that they are entitled to § 820.2 immunity for a specific policy decision made by an employee who consciously balanced the decision's risks and benefits." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 639 (9th Cir. 2012).

"Routine, discretionary decisions part of a person's normal job duties are not covered by this immunity." Gogue v. City of Los Angeles, No. CV 09-02610 DMG (EX), 2010 WL 11549706, at *16 (C.D. Cal. June 15, 2010). Rather, "immunity under section 820.2 turns on the reasonableness of the conduct complained of, not simply whether or not a public employee exercised his or her discretion." Buckhalter v. Torres, No. 2:17-CV-02072-KJM-AC, 2019 WL 3714576, at *12 (E.D. Cal. Aug. 7, 2019) (citing Stoddard-Nunez v. City of Hayward, No. 3:13-CV-4490 KAW, 2013 WL 6776189, at *9 (N.D. Cal. Dec. 23, 2013)).

The Court finds that defendants have not met their burden to establish that discretionary immunity applies to their alleged conduct. Defendants' motion does not identify a specific policy decision by any specific defendant or that a specific defendant consciously balanced the risks and benefits of that decision. Even if defendants were to identify such a policy decision, the Court finds that this issue is better decided on a motion for summary judgment, where the Court will have a more complete record before it. See Ordonez v. Stanley, 495 F. Supp. 3d 855, 869 (C.D. Cal. 2020) (Finding that, because defendants had not met their burden to demonstrate § 820.2 immunity, "the Court cannot conclude Section 820.2 applies based merely on the pleadings before it, but that issue may be raised at a later stage of this litigation."); United Motors Int'l, Inc. v. Hartwick, No. CV 17-00243 BRO (EX), 2017 WL 888304, at *9 (C.D. Cal. Mar. 6, 2017) ("At this time, the Court cannot find, based merely on the pleadings before it, that the Government Defendants are absolutely immune… the factual basis pleaded does not appear to rest entirely on the exercise of protected governmental duties or functions.").

Case 2:23-cv-07714-CAS-PD   Document 40   Filed 06/02/25   Page 11 of 15   Page ID #:218

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

Additionally, the Court concludes that defendants are not immune from plaintiff's claims pursuant to Cal. Gov't Code § 821.6. Cal. Gov't Code § 821.6 states that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." However, the Ninth Circuit, relying on Sullivan v. Cnty. of Los Angeles, 12 Cal. 3d 710, 721 (1974), has held that § 821.6 immunity only applies to claims of malicious prosecution. Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016). Here, plaintiff does not bring a state law claim for malicious prosecution, and as such, § 821.6 does not apply. See Ordonez v. Stanley, 495 F. Supp. 3d 855, 868 (C.D. Cal. 2020) (same).

Finally, the Court finds that Cal. Civ. Code § 47 does not render defendants immune from all of plaintiff's state law claims, but may immunize statements made in plaintiff's criminal proceedings. In pertinent part, Cal. Civ. Code § 47 states:

> A privileged publication or broadcast is one made:
>
> (a) In the proper discharge of an official duty.
>
> (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure, except as follows…

Cal. Civ. Code § 47. "[S]ection 47(b) operates to bar civil liability for any tort claim based upon a privileged communication, with the exception of malicious prosecution." Hagberg v. California Fed. Bank, 32 Cal. 4th 350, 375 (2004). The privilege "protects attorneys, judges, jurors, witnesses, and other court personnel." Mattco Forge, Inc. v. Arthur Young & Co., 5 Cal. App. 4th 392, 402 (1992). "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990), as modified (Mar. 12, 1990).

Defendants appear to argue that any statements made by Vargas, Brinkman, and Towe in plaintiff's criminal case are privileged. To the extent that plaintiff's remaining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

state law claims (the Bane Act claim and the IIED claim) are based on statements made by the officers in plaintiff's criminal proceedings, the Court finds that these statements are protected by the litigation privilege in Cal. Civ. Code § 47(b).³ See Santana v. Cnty. of Yuba, No. 2:15-CV-00794-KJM-EFB, 2016 WL 1268107, at *22 (E.D. Cal. Mar. 31, 2016) ("[T]he defendants' testimony in the criminal trial falls squarely within the confines of section 47(b)."). However, to the extent that plaintiff's state law claims are based on the officers' other alleged conduct, including entering Unit 6 knowingly without a warrant, the Court finds that Cal. Civ. Code § 47 does not apply.

### C. False Arrest/Imprisonment Claim

Defendants argue that plaintiff's fourth claim for false arrest/imprisonment is barred by the statute of limitations. Mot. at 6. In opposition, plaintiff states that he will voluntarily dismiss the false arrest/imprisonment claim. Opp. at 1. Therefore, the Court does not reach this issue.

### D. Bane Act Claim

Defendants argue that, to the extent that plaintiff's Bane Act claim is based on an alleged Fifth Amendment violation, it fails as a matter of law. Mot. at 7. Specifically, defendants contend that the only remedy for alleged Miranda violations is exclusion of statements from criminal court proceedings, while no civil remedy is available. Id.

In opposition, plaintiff argues that the Bane Act claim is not "solely premised" on defendants' failure to provide a Miranda warning. Opp. at 6. Plaintiff asserts that the complaint alleges that Brinkman and Towe specifically intended to violate plaintiff's Fourth Amendment rights by "entering the unit without a warrant, searching the unit and

---

³ The Court notes that Cal. Civ. Code § 47 does not apply to plaintiff's Section 1983 claim, as "[i]t is well settled… that the California litigation privilege does not apply to a federal cause of action." Carnegie v. City of Los Angeles Dep't of Animal Servs., No. CV14-7053-DMG-AGRx, 2015 WL 13915968, at *6 (C.D. Cal. Apr. 21, 2015). See also Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir. 1996) (California litigation privilege does not bar plaintiff's § 1983 claim due to the Supremacy Clause). Further, under Section 1983, "government investigators may be liable for violating the Fourth Amendment when they submit false and material information in a warrant affidavit." Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

seizing items within it without a warrant, and specifically threatening [p]laintiff outside the unit to obtain passcodes to safes inside the unit that [they] did not have a warrant to search." Id. at 5-6. Further, plaintiff contends that the City may be held liable for the Bane Act violations of its employees. Id. at 6. Plaintiff asserts that these allegations have been confirmed through discovery, and requests leave to amend the complaint if the Court requires more facts for this claim. Id. at 6-7.

In reply, defendants contend that plaintiff did not rebut their arguments regarding the Bane Act, and therefore "the issue is conceded." Reply at 2.

"The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion. Section 52.1 provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion." Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (citations and quotations omitted). The Bane Act requires "a specific intent to violate the arrestee's right to freedom from unreasonable seizure," but "does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." Id. at 1043.

A plaintiff can "adequately state[] a cause of action under section 52.1 where they allege[] warrantless, unconsented searches and unlawful detention." Id. at 1044 (quoting Venegas v. Cnty. of Los Angeles, 32 Cal. 4th 820, 843 (2004)). Accordingly, the Court finds that plaintiff's complaint adequately alleges a Bane Act claim based on an allegedly unreasonable search of his premises and unreasonable search and seizure of property inside his premises. Compl. ¶ 85. Further, plaintiff alleges that defendants acted with malicious intent and reckless and callous indifference to plaintiff's rights. Id. ¶ 100. See also John v. Lake Cnty., No. C 18-06935 WHA, 2019 WL 859227, at *5 (N.D. Cal. Feb. 22, 2019) ("Plaintiffs have adequately pled [a Bane Act claim] that defendant officers searched their homes without a warrant or probable cause, threatened violence, and alleged that it was done willfully and maliciously.").

Thus, while the complaint contains a Bane Act claim independent of the Miranda-related allegations, defendants argue that the Bane Act claim should be dismissed to the extent it relies on a Miranda violation. Defendants assert that, under Vega v. Tekoh, 597 U.S. 134, 152 (2022), a Miranda violation can never form the basis of a Bane Act claim. Mot. at 7. As one federal district court stated, "Vega strongly suggests, even if it does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

not outright hold, that Miranda warnings are not the kind of 'law of the United States' that are actionable in civil suits." Young v. City of Menifee, No. EDCV 17-1630-JGB-SPx, 2023 WL 11053618, at *21 (C.D. Cal. Sept. 14, 2023) (citation omitted). While Vega held that a Miranda violation cannot form the basis of a Section 1983 claim, there appears to be no authority addressing the impact of Vega on potential Bane Act claims. The Court declines to reach this issue, as dismissal is warranted on an alternate basis.

Assuming *arguendo* that Miranda can constitute predicate federal law for a Bane Act claim, the Court still finds that plaintiff fails to state a Bane Act claim based on Miranda. This is because "the Fifth Amendment is not violated 'unless and until allegedly coerced statements were used against the suspect in a criminal case'… there is a completed violation of such a right only if the testimony is used at trial[.]'" Chavez v. Robinson, 12 F.4th 978, 995 (9th Cir. 2021) (citation omitted) (discussing Miranda violations in the Section 1983 context). Here, plaintiff has not alleged that any un-Mirandized statements he made to the officers were used at trial. Rather, his criminal case was dismissed before trial, on August 25, 2022. Compl. ¶ 48. Accordingly, the Court dismisses plaintiff's Bane Act claim only to the extent that it is predicated on alleged Miranda violations. See Young, 2023 WL 11053618, at *22 (same).

### E.  Negligence Claim

Defendants argue that plaintiff's fifth claim for negligence fails as a matter of law. Mot. at 7. In opposition, plaintiff argues that he will voluntarily dismiss the negligence claim. Opp. at 1. Therefore, the Court does not reach this issue.

### F.  IIED

Plaintiff asserts that the complaint adequately states an IIED claim. Opp. at 7. Because defendants did not move for dismissal of this claim, other than their argument that it failed to comply with the GCA, the Court does not reach this issue.

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion. The Court **GRANTS** the motion to the extent it seeks dismissal of state law claims based on defendants' statements in criminal proceedings. The Court **GRANTS** the motion to dismiss plaintiff's Bane Act claim only to the extent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-07714-CAS-PDx | Date | June 2, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al | | |

that it is based on a <u>Miranda</u> violation.  The Court **DENIES** the motion in all other respects.

IT IS SO ORDERED.

|  |  | 00 | : | 06 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |