UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Lesbith Castillo | Jan Davis | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:

Indira J. Cameron-Banks
Christian M. Contreras

Attorneys Present for Defendants:

Rebecca Elizabeth Hunter

**Proceedings:**   DEFENDANTS' MOTIONS *IN LIMINE* 1-4 (Dkts. 44-47, filed on July 28, 2025)

PLAINTIFF'S MOTIONS *IN LIMINE* 1-3 (Dkts. 53-55, filed on September 22, 2025)

## I.    INTRODUCTION

Presently before the Court are defendants' motions *in limine*, dkts. 44-47, and plaintiff's motions *in limine*, dkts. 53-55.

On September 15, 2023, plaintiff Sascha B. Koch ("plaintiff") filed this action against defendants City of Los Angeles (the "City"); Officer Laura Brinkman ("Brinkman"); Officer Joshua Towe ("Towe"); Officer Manuel Vargas ("Vargas"); and Does 1-20 (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff asserts six claims for relief: (1) unlawful search and seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 ("Section 1983"), against Brinkman, Towe, Vargas, and Does 1-20; (2) a custom or policy of unlawful search and seizure in violation of the Fourth Amendment pursuant to Section 1983 against the City; (3) a violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1, against all defendants; (4) false arrest/imprisonment against all defendants; (5) negligence against all defendants; and (6) intentional infliction of emotional distress ("IIED") against all defendants. Compl. ¶¶ 53-120.

On April 28, 2025, the City, Brinkman, Towe, and Vargas filed a motion for judgment on the pleadings. Dkt. 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

On May 1, 2025, upon joint stipulation of the parties, the Court dismissed plaintiff's first claim as to defendant Vargas only and dismissed plaintiff's second claim in its entirety. Dkts. 31-32.

On May 16, 2025, plaintiff filed an opposition to the motion for judgment on the pleadings. Dkt. 35. In his opposition brief, plaintiff voluntarily dismissed his fourth claim for false arrest/imprisonment and fifth claim for negligence.[1] Id. at 1.

On June 2, 2025, the Court granted defendants' motion for judgment on the pleadings "to the extent it seeks dismissal of state law claims based on defendants' statements in criminal proceedings." Dkt. 40 at 14. The Court also dismissed plaintiff's Bane Act claim to the extent that it is based on a Miranda violation. Id. at 14-15. The Court denied defendants' motion in all other respects. Id. at 15.

On July 31, 2025, upon joint stipulation of the parties, the Court dismissed plaintiff's action entirely, with prejudice, against defendant Vargas only. Dkts. 48, 51.

On July 28, 2025, defendants filed the following motions *in limine*: (1) a motion to exclude all references to other incidents involving police not relating to this incident; (2) a motion to bifurcate the trial to first resolve issues of liability and second, if appropriate, to resolve issues of compensatory and punitive damages[2]; (3) a motion to exclude all references to and evidence of an internal affairs investigation into complaints involving any of the defendants; (4) a motion to exclude plaintiff's police practices expert Dave Torres. Dkts. 44-47

On September 22, 2025, plaintiff filed the following motions *in limine*: (1) a motion to exclude plaintiff's past employment; (2) a motion to exclude reference to any purported gambling of gaming conduct by plaintiff; (3) a motion to exclude defendants' non-retained expert, Todd Elenitsky, an LAPD officer, from testifying beyond his direct first-hand knowledge about the specific factual circumstances in this case. Dkts. 53-55.

---

[1] Plaintiff also states in his opposition brief that he "voluntarily dismissed all claims against one of the three individuals." Opp. at 1. At oral argument, plaintiff's counsel clarified that all claims against defendant Vargas have been dismissed.

[2] Defendants improperly characterize their second motion as a motion *in limine*; the Court decides defendants' second motion under the applicable legal standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                          'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

On September 29, 2025, plaintiff filed oppositions to defendants' motions *in limine* nos. 2-4. Dkts. 64-66.

On September 29, 2025, defendants filed oppositions to plaintiff's three motions *in limine*. Dkts. 57-59.

On October 20, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

The background in this case is known to the parties and set forth in the Court's June 2, 2025 order. Dkt. 40.

## III.   LEGAL STANDARD

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## IV.   DISCUSSION

### A.   Defendants' Motions

#### 1.   Defendants' Motion *in Limine* #1

Defendants move to exclude all references to other incidents involving the Los Angeles police or Los Angeles City employees that are not related to this incident. Dkt. 44 ("DMIL 1") at 2. Specifically:

> Defendants seek to preclude the parties, their counsel or any of their witnesses from mentioning, testifying to, referring to, suggesting or inferring in any way during trial on this matter the existence of media[] articles, reports from the Office

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

of the Inspector General, other incidents, lawsuits, similar claims, any amounts of other verdicts, settlements or judgments of other lawsuits or claims involving the City of Los Angeles, the Los Angeles Police Department or any of its employees.

Id. at 2.

Defendants argue that "[s]uch evidence is irrelevant to the subject matter of this action, as it does not prove or disprove any disputed fact of consequence in the present case." Id. Furthermore, defendants argue that the probative value of other incidents, lawsuits, claims, settlements, verdicts, or judgments is substantially outweighed by the danger of undue prejudice, misleading the jury, and causing undue delay and waste of time. Id. at 3.

Plaintiff has not opposed defendants' first motion *in limine*.[3]

The Court agrees with defendants that evidence of other incidents involving the police are not relevant to this action. Fed. R. Evid. 401.

Accordingly, the Court **GRANTS** defendants' first motion *in limine*.

    2.    <u>Defendants' Motion *in Limine* #2</u>

Defendants move under Federal Rule of Civil Procedure 42(b) to bifurcate the trial such that phase one would resolve whether defendants' violated plaintiff's constitutional rights and phase two, if appropriate, would determine the amount of compensatory and punitive damages that plaintiff is entitled to. Dkt. 45 ("DMIL 2") at 1-2.

Defendants argue that "[t]rying damages separately from liability will avoid the risk of jury confusion arising from the factual proof required for damages, will further convenience and is conducive to expedition and economy." Id. at 2. Defendant also argues that "evidence of Defendants['] financial position unfairly creates the risk that the jury could be emotionally swayed to find the Defendants liable simply based upon their supposed ability to pay a damages award. Thus, bifurcation is necessary to protect the Defendants' right to a fair trial." Id. at 2. "Moreover, where punitive damages would already be bifurcated in district court, bifurcating liability from compensatory and

---

[3] Pursuant to Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

punitive damages would cost little if any court time, and none if there was a defense verdict." Id. at 2-3 (citing Diaz v. City of Anaheim, 840 F.3d 592, 602 (9th Cir. 2016)).

In opposition, plaintiff argues that the Court should not bifurcate the trial because the issues of liability and damages in this case are so intertwined that bifurcation would prejudice plaintiff and unnecessarily waste judicial resources. Dkt. 65 ("Opp. to DMIL 2") at 2. Plaintiff argues that "[t]he Ninth Circuit has specifically cautioned against bifurcation when liability depends on a certain degree of damages," including in cases involving claims for intentional infliction of emotional distress. Id. at 2 (citing Miller v. Fairchild Indus., Inc., 885 F.2d 498, 511 (9th Cir. 1989)). Plaintiff argues that in this case, "plaintiff's emotional distress damages are central to establishing the violation of Section 1983, the Bane Act, and Plaintiff's intentional infliction of emotional distress claim. The jury cannot determine whether defendants' conduct violated Plaintiff's constitutional, statutory, and common law rights without simultaneously considering the severity of emotional harm inflicted." Id. Plaintiff further argues that "Defendants' intention to cause harm to Plaintiff [–] or reckless disregard for how their conduct would harm Plaintiff – are essential elements of Plaintiff's claims on which he will have to present evidence to establish both liability and damages." Id. at 3. Thus, "[b]ifurcation would require duplicative presentation of this evidence, wasting judicial resources rather than promoting efficiency." Id. at 5.

Federal Rule of Civil Procedure 42(b) permits a court to order separate trials of one or more issues for "convenience, to avoid prejudice, or to expedite and economize." "Whether to bifurcate is a decision reserved to the trial court's 'sound discretion.'" Estate of Gonzalez v. Hickman, No. ED CV 05-00660 MMM (RCx), 2007 WL 3237635, at *10 n.18 (C.D. Cal. June 28, 2007) (citing Davis & Cox v. Summa Corp., 751 F.2d 1507, 1517 (9th Cir. 1985)). "In exercising this discretion, a court should consider such factors as the 'potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result.'" Id. (quoting Cravens v. Cnty. of Wood, 856 F.2d 753, 755 (6th Cir. 1988)). Bifurcating a trial "into a liability and damages phase may be appropriate where doing so would be economical and efficient, and where there is little overlap in the evidence that would be presented at each phase." Pom Wonderful LLC v. Welch Foods, Inc., No. CV 09-567 AHM (AGRx), 2010 WL 4794235, at *4 (C.D. Cal. Nov. 18, 2010) (citing Arthur Young & Co. v. U.S. District Court, 549 F.2d 686, 697 (9th Cir. 1979)). The party seeking bifurcation "has the burden of proving that bifurcation is justified." Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

The Court finds that ordering a bifurcated trial on the issues of liability and compensatory damages is not appropriate in this case. Here, it would be difficult for a jury to determine whether defendants' conduct violated plaintiff's constitutional, statutory, and common law rights—particularly with respect to plaintiff's intentional infliction of emotional distress claim—without simultaneously considering the nature and degree of the harm that plaintiff suffered. Because the evidence supporting liability and compensatory damages are likely to substantially overlap, it would be duplicative and inefficient to order separate trials on these issues. See Pom Wonderful LLC, 2010 WL 4794235, at *4.

However, the Court finds that ordering a bifurcated trial on the issue of punitive damages is proper. Ordering a separate trial on punitive damages, if necessary, would eliminate the risk of unfair prejudice to the defendants that could arise if evidence of their finances is offered before the jury has made a finding as to their liability. See Norwood v. Child. & Youth Servs., Inc., No. CV1007944GAFMANX, 2012 WL 12882757, at *2 (C.D. Cal. July 27, 2012) ("[T]he Ninth Circuit has repeatedly affirmed district courts' decisions to bifurcate cases involving punitive damages, especially when a plaintiff has made highly graphic allegations of abuse.").

Accordingly, the Court **GRANTS** defendants' second motion only to the extent that it requests a bifurcated trial on the issue of punitive damages.

3.  Defendants' Motion *in Limine* #3

Defendants move to exclude all references to any information concerning administrative proceedings, including but not limited to an internal affairs investigation(s), or investigation(s) into complaints involving any of the individual LAPD officer defendants. Dkt. 46 ("DMIL 3") at 1.

Defendants argue that evidence of administrative investigations into the defendants "ha[s] no bearing on this case[] and will not prove or disprove that Defendants allegedly violated Plaintiff's federal or state constitutional rights." Id. at 2. Additionally, defendants argue that the probative value of these investigations would be substantially outweighed by risks of undue prejudice, mislead the jury, and waste judicial resources. Id. Defendants argue that if such evidence were admitted, "Defendants would have to bear the burden of defending themselves against not only the specific allegations of Plaintiff's action, but also against the vague, incomplete and unreliable hearsay allegations contained in the other claims." Id. at 3. Moreover, defendants argue that if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

jurors heard such evidence, "[they] may be distracted by the administrative process and may be unable to distinguish between the civil process and the administrative process." Third, defendants argue that "administrative investigations are privileged and confidential and are not subject to disclosure absent a waiver by both the accused employee and the City of Los Angeles." Id. at 4 (citing Cal. Gov. Code, §§ 832 et seq.; Cal. Evid. Code §§ 1043 and 1046; Davis v. City of San Diego, 106 Cal. App. 4th 893 (Cal. Ct. App. 2003)). Further, defendants argue that any statements made by defendants pursuant to such investigations were compelled and therefore should be excluded. Id. at 5 (citing Lybarger v. City of Los Angeles, 40 Cal. 3d 822, 829 (Cal. 1985) (Bird, C.J. concurring)). Fourth, defendants argue that evidence contained in such investigative proceedings would be impermissible character evidence. Id. at 6 (citing Fed. R. Evid. 404). Finally, defendants argue that evidence pertaining to a police department's administrative investigation and disciplinary proceedings are subsequent remedial measures precluded by Federal Rule of Evidence 407.

In opposition, plaintiff argues that evidence of prior disciplinary actions taken against the defendant officers are not barred by Federal Rules of Evidence 407, 403, or 404. First, plaintiff argues that Rule 407 is inapplicable because there is a "'distinction between the actual disciplining of officers for their conduct, which could constitute a remedial measure, and the investigation that precedes a disciplinary process.'" Dkt. 66 (Opp. to DMIL) at 2 (quoting Aranada v City of McMinnville, 942 F. Supp. 1096, 1104 (D. Or. 2013)). With regard to defendants' Rule 404 objection, plaintiff argues that "evidence of wrongdoings may be used to demonstrate intent, knowledge, absence of mistake, or lack of accident. Here, whether LAPD officers Brinkman and/or Towe were ever admonished or formally disciplined prior to the … incident on issues implicating their honesty[] or conduct in the context of a search and/or seizure of persons or evidence, are directly relevant to each and every claim at issue in this case." Id. at 2 (noting that plaintiff's Section 1983 claim depends on whether defendants Brinkman and Towe knowingly violated a "clearly established" right; noting that plaintiff's Bane Act claim depends on whether defendants "intentionally or recklessly" violated plaintiff's Fourth Amendment right; and noting that plaintiff's intentional infliction of emotional distress claim depends on defendants' "intentionality and/or recklessness"). Finally, plaintiff argues that "the probative value of prior admonishments and/or formal discipline on issues implicating the defendants' honesty or conduct in the context of a search and/or seizure of persons or evidence far outweighs any danger of unfair prejudice or jury confusion – especially with an appropriate limiting instruction to the jury instructing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

them to consider such prior admonishments or discipline for the limited purpose." Id. at 3.

The Court finds that the evidence in the form of administrative proceedings or investigations possibly involving the defendant officers are inadmissible in the plaintiff's case in chief against them. The Court concludes that such evidence is not relevant pursuant to Rules 401 and 402.

Additionally, the Court finds that, even if relevant, admitting the findings of such administrative investigations would be unfairly prejudicial pursuant to Rule 403. Under similar circumstances, this Court and the Ninth Circuit have determined such reports to be unduly prejudicial. See, e.g. Maddox v. City of Los Angeles, 792 F.2d 1408, 1417 (9th Cir. 1986) (holding that if such reports were admitted, "[t]he jury might have inferred that [the] Officer [] was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings" and that "[t]he jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevance of this evidence."); Edmonds v. City of Los Angeles, No. CV 21-03149 FWS ADS, 2023 WL 8119197, at *2 (C.D. Cal. Oct. 6, 2023) (citing Maddox, 792 F.2d at 1417-19) (finding that the probative value of administrative investigations was "substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury" because jurors might infer guilt from the knowledge that disciplinary proceedings were conducted.); Hernandez v. City of Los Angeles, No. CV 19-00441 CAS GJSX, 2022 WL 16551705, at *5 (C.D. Cal. Aug. 1, 2022) (concluding that "if the Court were to admit evidence of the [Force Investigation Division] internal affairs investigation to prove the officers' liability, it would be unfairly prejudicial to the officers."); Allen v. City of Los Angeles, No. CV 10-4695 CAS RCX, 2012 WL 1641712, at *3 (C.D. Cal. May 7, 2012) (finding that admitting "evidence of internal affairs investigations and conclusions to prove the officers' liability . . . would be unfairly prejudicial to the officers."); Brewster v. Mills, No. CV 20-03254-HSG, 2022 WL 17082660, at *3 (N.D. Cal. Nov. 18, 2022) (concluding that Maddox applied, and admission of Internal Affairs records would be unduly prejudicial, even when actual discipline had not been imposed as a result of internal investigation.).

Accordingly, the Court **GRANTS** defendants' third motion *in limine*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

    4.    <u>Defendants' Motion *in Limine* #4</u>

Defendants move to exclude plaintiff's retained expert Dave Torres from testifying or offering any opinions beyond his area of expertise, including, but not limited to, the policies and procedures for obtaining and/or serving VICE related search and arrest warrants. Dkt. 47 ("DMIL 4") at 1.

Defendants state that "[p]laintiff[] ha[s] retained Dave Torres as [an] expert witness on police practices and policies on the ultimate issue of liability." Id. at 1. Defendants argue that "Dave Torres is not qualified to testify on VICE investigations, obtaining a related warrant or service/execution of a VICE warrant or [Special Weapons and Tactics ("SWAT")] as he has never worked for the [Los Angeles Police Department ("LAPD")] as a VICE officer or detective. Nor has Mr. Torres worked with the SWAT division." Id. Defendants argue that Torres' expert opinions are unreliable because "[h]e has no personal knowledge of what occurred in this case or the policies and procedures of the LAPD's VICE Unit. <u>See</u> (Hunter Decl. at ¶¶3-4, Exhibits B and C.)." Id. at 3. Defendants argue that '[w]hen one examines the basis for [Torres'] opinions, they fall far short of reasonable. Nowhere does Dave Torres set forth any appropriate or adequate bases for his opinions. In fact, Mr. Torres only sets forth a vague and conclusory opinion without any factual support." Id. at 3. Defendants argue that "Dave Torres' sworn testimony shows that he does not have any knowledge as to the LAPD's VICE unit or SWAT. Simply having experience with other units and warrants does not correlate to a VICE investigation and warrant. A homicide investigation and related warrant are not necessarily equivalent to the warrant at issue[d] in this case. Thus, his opinions as to LAPD policies and procedures are wholly speculative and without any foundation." Accordingly, defendants argue that Torres' testimony will not assist the trier of fact under Federal Rule of Evidence 702. Id. at 4.

In opposition, plaintiff argues that Torres' expert testimony should not be excluded because Torres is a "[r]etired LAPD Detective [and] has significant experience participating in the service of search warrants during his time at LAPD, including as a supervisor." Dkt. 64 ("Opp. to DMIL 4") at 1. Thus, plaintiff argues that Torres is qualified to serve "as an expert on the issue of liability in this case -- specifically on the issue of whether Defendants violated Plaintiff's Fourth Amendment Rights, and whether they did so intentionally and/or recklessly." Opp. to DMIL 4 at 2. Plaintiff argues that "**Defendants have not raised any plausible argument whatsoever** as to why he is not qualified to opine about LAPD's conduct in connection with service/execution of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

search warrant in this case." Id. at 2 (emphasis in original). Plaintiff argues that defendants incorrectly suggest that, under Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993) and Federal Rule of Evidence 703, "**only a former detective in LAPD's vice division who has served a search warrant with the assistance of SWAT is qualified to serve as an expert in this case**." Id. (emphasis in original). Instead, plaintiff argues that Torres' 30-plus years' experience working for the City of Los Angeles Police Department and obtaining and serving search warrants in that capacity qualify him to provide expert testimony as to "the issue of liability." Id. at 3.

The Court finds that Torres is qualified to offer expert testimony as to LAPD police practices, including LAPD practices pertaining to the obtainment and service of warrants. The Court finds that even though Torres has not served in the VICE unit of the LAPD, that he has served as an LAPD detective and supervisor for over thirty years and has "participated in over 500 search warrant services," dkt. 47-2 at 9, qualifies him to testify on LAPD's search warrant policies and procedures. Such expert testimony would be helpful to the jury under Federal Rule of Evidence 702.

However, Torres may not, as plaintiff argues, testify as to issues of liability in this case because such testimony would amount to legal conclusions and invade the province of the jury. See Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1066 (9th Cir. 2002), overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457 (9th Cir. 2014) ("Federal Rule of Evidence 704(a) provides that expert testimony that is 'otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.' However, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (citations omitted).

Similarly, Torres may not testify as to whether the defendant officers' conduct in this case complied with LAPD policies because Torres was not present at the time of the incident to have personal knowledge of the circumstances confronting the defendant officers or knowledge regarding what they assessed, observed, or knew at the time. See Shirar v. Guerrero, No. 1-CV-3906, 2017 WL 6001270, at *5 (C.D. Cal. Aug. 2, 2017) ("Police practices experts may only testify as to whether *an action* conformed with a reasonable standard of practice, not whether *the particular officer's action* was reasonable under the specific circumstances he faced.") (emphases added). While Torres may not testify as to whether defendant officers' execution of the search warrant was proper, plaintiff may offer such testimony through hypothetical questioning so as to avoid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

invading the province of the jury. See Valtierra v. City of Los Angeles, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015).

Accordingly, the Court **DENIES** defendants' fourth motion *in limine* to the extent that it seeks to exclude plaintiff's retained expert Dave Torres from testifying as to LAPD police practices, including LAPD practices pertaining to the obtainment and service of warrants.

### B. Plaintiff's Motions

#### 1. Plaintiff's Motion *in Limine* #1

Plaintiff moves to exclude "any evidence of his past employment in the adult entertainment film industry pursuant to Federal Rules of Evidence, Rules 401, 402, 403, and 404, as such evidence is not relevant to the issues that will be before a jury, and highly prejudicial." Dkt. 53 ("PMIL 1") at 1.

Plaintiff argues that evidence of his past employment in the adult entertainment film industry "has no relevance whatsoever to this case" because "[s]uch employment is not relevant to the determination of whether Defendant(s) violated Plaintiff's constitutional rights, and it is not relevant to his damages as there is no claim that Defendant sustained any damages related to his work in the adult entertainment film industry." Id. at 3. Moreover, plaintiff argues that the probative value of such evidence is substantially outweighed by a danger of unfair prejudice by "likely caus[ing] the jury to form negative opinions about Plaintiff's character, morality, or credibility based solely on societal stigma associated with the adult entertainment industry." Id. at 4. Finally, plaintiff argues that such evidence of plaintiff's "bad acts" is barred by Federal Rule of Evidence 404. Id. at 5 (quoting Duran v. City of Maywood, 221 F.3d 1127, 1133 (9th Cir. 2000), which held that "other act" evidence may be admitted only if, among other requirements, the act will "prove a material issue in the case.").

In opposition, defendants argue that all of plaintiff's motions *in limine* untimely. Defendants argue that "[p]ursuant to the last set trial date, the parties were [required] to have conferred and filed their respective motions in limine by July 28, 2025." Dkt. 57 ("Opp. to PMIL 1") at 2 (citing dkts. 24-25). On July 31, 2025, the parties stipulated to continue the trial date, dkt. 49, which the Court approved the next day. Dkt. 50. Defendants argue that because "[a]t no point prior to this extension did Plaintiff confer or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

file the required motions in limine," "as a result, the Plaintiff has waived this motion." Id.

Defendants further argue that plaintiff's employment history is relevant and necessary at trial and should not be excluded. Id. at 3. Defendants argue that "Defendants obtained a warrant to search Plaintiff's rented premises because an investigation yielded a probable cause that he was operating an illegal gambling ring. All of the various activities being operated out of the rented premises are relevant and support defenses being asserted." Id. Moreover, defendants state that "[t]his evidence is not subject to be preemptively precluded from trial via a motion in limine. If appropriate, this type of evidence could be objected to during the course of trial." Id.

As an initial matter, the Court declines to deny plaintiff's motions *in limine* simply because they were untimely. Plaintiff filed its motions *in limine* on September 22, 2025, well over a month before the scheduled trial date of November 4, 2025. Dkt. 50. Accordingly, the Court, exercising its discretion, finds it appropriate to hear plaintiff's motions *in limine*. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002).

The Court finds that evidence of plaintiff's past employment in the adult entertainment film industry should be excluded because is not relevant to any material issue this action. Fed. R. Evid. 401, 402. Because the parties do not dispute that defendants' search of plaintiff's premises and their subsequent arrest of plaintiff were not predicated on plaintiff's adult film activities, evidence of such activities is not relevant to determining whether defendants violated plaintiff's constitutional, statutory, or common law rights or whether defendants have valid defenses to plaintiff's claims.

Additionally, the Court finds that, even if relevant, admitting evidence of plaintiff's past employment in the adult entertainment film industry would be unfairly prejudicial to plaintiff pursuant to Rule 403. See Elkins v. Automatic Data Processing, Inc., No. EDCV 21-606 JGB KKX), 2023 WL 7354621, at *5 (C.D. Cal. Apr. 19, 2023) (finding that evidence of plaintiff's prior employment at a nightclub is unfairly prejudicial because there is a high risk that it will negatively influence the jury's perception of the plaintiff).

Accordingly, the Court **GRANTS** plaintiff's first motion *in limine*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

    2.    <u>Plaintiff's Motion *in Limine* #2</u>

Plaintiff moves to exclude "any reference to any purported gambling or gaming conduct by Plaintiff and/or his associates, and/or to any tangible items associated with gambling or gaming pursuant to Federal Rules of Evidence, Rules 401, 402, 403, and 404, as such evidence is not relevant to the issues that will be before a jury[] and highly prejudicial." Dkt. 54 ("PMIL 2") at 1.

Plaintiff argues that "[a]ny reference to Plaintiff's conduct (or those of the other individuals), and/or tangible items found, in the illegally searched unit that could be construed as gaming or gambling related should be excluded from trial as they are not relevant to the determination of whether Defendant(s) violated Plaintiff's constitutional rights." PMIL 2 at 3. Moreover, plaintiff argues that the probative value of such evidence is substantially outweighed by a danger of unfair prejudice as "such evidence would likely cause the jury to form negative opinions about Plaintiff's character, morality, or credibility." Id. at 5. Additionally, plaintiff argues that such evidence "would also confuse the issues and mislead the jury by shifting focus *away from* determining whether Defendants engaged in the alleged constitutional violations *and toward a* determination of whether Plaintiff was, or could have been, engaged in criminal activity." Id. at 4-5 (emphasis in original). Finally, plaintiff argues that such evidence of plaintiff's "bad acts" is barred by Federal Rule of Evidence 404. Id. at 5 (quoting <u>Duran v. City of Maywood</u>, 221 F.3d 1127, 1133 (9th Cir. 2000), which held that "other act" evidence may be admitted only if, among other requirements, the act will "prove a material issue in the case.").

In opposition, defendants argue that evidence of plaintiff's gambling activities is relevant because "Plaintiff's complaint is based upon the claim that Defendants violated his Constitutional rights when they obtained a search warrant, effectuated a search and subsequently arrested Plaintiff – for an illegal gambling operation." Dkt. 58 ("Opp. to PMIL 2") at 3. Defendants argue that "[t]he crux of each of [plaintiff's] claims pertain to an investigation, search and arrest for illegal gambling. There is no way to address or defend against these claims without referencing and substantively addressing the purported gambling that was occurring. To broadly preclude evidence of gambling precludes Defendants from responding to any aspect of Plaintiff's complaint." Id.

The Court finds that it is improper to exclude all references to plaintiff's conduct that could be construed as gaming or gambling related. To the extent that plaintiff's gambling conduct was known to defendants *before* their search of plaintiff's premises

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

and formed the basis for the search, such evidence of plaintiff's gambling conduct is relevant to whether defendants' search of plaintiff's premises was lawful. Defendants contend that they "obtained a warrant to search Plaintiff's rented premises because an investigation yielded a probable cause that he was operating an illegal gambling ring." Opp. to PMIL 2 at 3. Therefore, evidence of plaintiff's gambling activities is relevant to establishing whether defendants had probable cause to effectuate their search of plaintiff's premises.

Given the centrality of plaintiff's alleged gambling conduct to the lawfulness of defendants' search that forms the basis for many of plaintiff's claims, the Court finds that the probative value of plaintiff's gambling conduct—if such conduct was known to the defendants prior to their search and formed the basis for their search—is not substantially outweighed by the danger of unfair prejudice against the plaintiff. Fed. R. Evid. 403.

With regard to evidence of "tangible items found[] in [plaintiff's] searched unit that could be construed as gaming or gambling related," PMIL 2 at 1, defendants at oral argument argued that the Court should reserve judgment on this issue because to the extent that the tangible items were in the officer defendants' plain view, the evidence should be admitted as relevant to potential defenses against plaintiff's unlawful search and seizure claims.

Accordingly, the Court **DENIES** plaintiff's second motion *in limine* to the extent it seeks to exclude any reference to purported gambling or gaming conduct by plaintiff that was known to defendants before their search of plaintiff's premises and formed the basis for the search. The Court **RESERVES JUDGMENT** as to plaintiff's second motion *in limine* to the extent it seeks to exclude evidence of tangible items found in plaintiff's searched unit that could be construed as gaming or gambling related; plaintiff may renew his objection to such evidence at trial.

       3.     <u>Plaintiff's Motion *in Limine* #3</u>

Plaintiff moves to preclude "[d]efendants' non-retained expert, Todd Elenitsky ("Elenitsky"), an LAPD officer, from offering any opinions, or testifying beyond his direct first-hand knowledge about the specific factual circumstances in this case," "pursuant to Federal Rules of Evidence 701, 702, and 403, and Fed. R. Civ. P. 26(a)(2)(C)." Dkt. 55 ("PMIL 3") at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

First, plaintiff argues that Elenitsky's testimony should be excluded because defendants disclosed Elenitsky as their non-retained expert in this matter without providing any "summary of the facts and opinions to which [he] is expected to testify" as specifically required by Fed. R. Civ. P. 26(a)(2)(C). Id. at 2. Defendants disclosed Elenitsky as a non-retained expert in a disclosure on March 28, 2025 that stated:

> *(ii) A summary of the facts and opinions to which the witness is expected to testify:*
>
> The facts that are those known to the parties through discovery, including depositions and materials produced through discovery, as well as the memory and testimony of persons who may testify at trial. In summary, however, Sgt. Elenitsky is expected to testify as to training, policies and practices for officers regarding service/execution of a search wan ant, including a supplemental warrant, the exceptions to a search warrant and subsequent arrests.

Id. at 3.

Plaintiff argues that defendants' "half-page," "two sentence" disclosure of Elenitsky as a non-retained expert does not "sufficiently identify the opinions and bases for those opinions as expressly required by Fed. R. Civ. P. 26(a)(2)(C)(ii)." Id. at 3.

Furthermore, plaintiff argues that "[d]efendants already designated another LAPD officer [Jorge Cruz] a[s] the Rule 30(b)(6) person most knowledgeable, or expert, on the exact same issues that Elenitsky is supposed to testify about." Id. at 5. Plaintiff argues that:

> **Defendants have no reason to have improperly designated another LAPD officer as a non-retained expert after the fact-discovery cut-off deadline and designation of a Rule 30(b)(6) witness, unless Defendants somehow disagreed with the testimony provided by their own designated Rule 30(b)(6) person most knowledgeable and intend to offer an expert to provide conflicting testimony that would confuse the jury.**

Id. at 5 (emphasis in original).

Finally, plaintiff argues that Elenitsky's testimony should be excluded because "Defendants have sought to designate two different LAPD officers as 'experts' on the exact same issue – LAPD's policies and procedures related to service of a search warrant and/or amended warrants." Id. Plaintiff argues that therefore, under Rule 403, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

probative value of Elenitsky's testimony is substantially outweighed by a danger of undue delay, wasting time, and needlessly presenting cumulative evidence. Id.

In opposition, defendants argue that their disclosure of Elenitsky under Rule 26(a)(2)(C) is adequate. Dkt. 59 ("Opp to PMIL 3") at 4. Alternatively, defendants argue that "Elenitsky can testify as a witness … with respect to LAPD's policies, procedures, training, etc. for: investigation/surveillance, effectuating a search warrant, conducting a search, and arrest." Id. Defendants further argue that "Plaintiff did not seek a FRCP 30(b)(6) witness with respect to all of [the above listed] categories – which Defendants can offer at trial." Id.

The Court finds that Elenitsky's testimony as a non-retained expert should not be excluded. First, as required by Rule 26(a)(2)(C), defendants have provided a summary of the facts and opinions to which their non-retained expert Elenitsky is expected to testify. Defendants adequately disclosed to plaintiff that "Sgt. Elenitsky is expected to testify as to training, policies and practices for officers regarding service/execution of a search warrant, including a supplemental warrant, the exceptions to a search warrant and subsequent arrests." Dkt. 59-1 at 2. Second, there is no requirement that defendants designate Elenitsky as a Rule 30(b)(6) witness, and plaintiff merely speculates—without concrete evidence—that "**Defendants somehow disagreed with the testimony provided by their own designated Rule 30(b)(6) person most knowledgeable and intend to offer [Elenitsky] to provide conflicting testimony that would confuse the jury.**" See PMIL 3 at 5 (emphasis in original). Finally, the Court finds that Elenitsky's expected testimony would not run afoul of Rule 403. "Elenitsky is expected to testify as to training, policies and practices for officers regarding service/execution of a search warrant, including a supplemental warrant, the exceptions to a search warrant and subsequent arrests" while defendants' Rule 30(b)(6) witness Jorge Cruz's deposition testimony covers "[t]he [City of Los Angeles'] policies, procedures, and operational processes with respect to execution of search warrants, including but not limited to amended warrants and/or roll-back warrants." Dkt. 59-2 at 2. While there may be some overlap between the two individuals' testimonies, the Court finds that the danger of presenting cumulative evidence is minimal. Accordingly, Elenitsky may testify for defendants as a non-retained expert under Rule 26(a)(2)(C).

Accordingly, the Court **DENIES** plaintiff's third motion *in limine*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion *in limine* #1.

The Court **GRANTS** defendants' motion *in limine* #2 only to the extent that it requests a bifurcated trial on the issue of punitive damages.

The Court **GRANTS** defendants' motion *in limine* #3.

The Court **DENIES** defendants' motion *in limine* #4 to the extent that it seeks to exclude plaintiff's retained expert Dave Torres from testifying as to LAPD police practices, including LAPD practices pertaining to the obtainment and service of warrants.

The Court **GRANTS** plaintiff's motion *in limine* #1.

The Court **DENIES** plaintiff's motion *in limine* #2 to the extent that it seeks to exclude any reference to purported gambling or gaming conduct by plaintiff that was known to defendants before their search of plaintiff's premises and formed the basis for the search. The Court **RESERVES JUDGMENT** as to plaintiff's second motion *in limine* to the extent it seeks to exclude evidence of tangible items found in plaintiff's searched unit that could be construed as gaming or gambling related; plaintiff may renew his objection to such evidence at trial.

The Court **DENIES** plaintiff's motion *in limine* #3.

Furthermore, the Pretrial Conference is continued to **Monday, October 27, 2025 at 11:00 a.m.**

IT IS SO ORDERED.

|  | : | 16 |
|---|---|---|
| Initials of Preparer | | lca |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

'O'

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-07714-CAS-AS | Date | October 20, 2025 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |