UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | | Date | March 17, 2026 |
|----------|------------------------|---|------|----------------|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|------------------------|---------------------|---|---|

| Catherine Jeang | Not Present | N/A |
|-----------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW (Dkt. 88, filed on November 12, 2025)

DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW (Dkt. 85, filed on November 11, 2025)

## I.    INTRODUCTION

On September 15, 2023, plaintiff Sascha B. Koch ("plaintiff") filed this action against defendants City of Los Angeles (the "City"); Officer Laura Brinkman ("Brinkman"); Officer Joshua Towe ("Towe"); Officer Manuel Vargas ("Vargas"); and Does 1-20 (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff asserts six claims for relief: (1) unlawful search and seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 ("Section 1983"), against Brinkman, Towe, Vargas, and Does 1-20; (2) a custom or policy of unlawful search and seizure in violation of the Fourth Amendment pursuant to Section 1983 against the City; (3) a violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1 ("Bane Act"), against all defendants; (4) false arrest/imprisonment against all defendants; (5) negligence against all defendants; and (6) intentional infliction of emotional distress ("IIED") against all defendants. Compl. ¶¶ 53-120.

On April 28, 2025, the City, Brinkman, Towe, and Vargas filed a motion for judgment on the pleadings. Dkt. 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

On May 1, 2025, upon joint stipulation of the parties, the Court dismissed plaintiff's first claim as to defendant Vargas only and dismissed plaintiff's second claim in its entirety. Dkts. 31, 32.

On May 16, 2025, plaintiff filed an opposition to the motion for judgment on the pleadings. Dkt. 35. In his opposition brief, plaintiff voluntarily dismissed his fourth claim for false arrest/imprisonment and fifth claim for negligence. Id. at 1.

On June 2, 2025, the Court granted defendants' motion for judgment on the pleadings "to the extent it seeks dismissal of state law claims based on defendants' statements in criminal proceedings." Dkt. 40 at 14. The Court also dismissed plaintiff's Bane Act claim to the extent that it is based on a Miranda violation. Id. at 14-15. The Court denied defendants' motion in all other respects. Id. at 15.

On July 31, 2025, upon joint stipulation of the parties, the Court dismissed plaintiff's action entirely, with prejudice, against defendant Vargas only. Dkts. 48, 51.

On November 4, 2025, the Court commenced a jury trial on plaintiff's remaining claims against the remaining defendants Brinkman, Towe (collectively, the "defendant officers"), and the City: (1) unlawful search and seizure in violation of the Fourth Amendment, pursuant to Section 1983, against Brinkman and Towe; (2) violation of the Bane Act, against Brinkman and Towe; (3) intentional infliction of emotional distress, against Brinkman and Towe; (4) municipal liability for failure to train, pursuant to Section 1983, against the City; and (5) municipal liability for unconstitutional policies, customers, or practices, pursuant to Section 1983, against the City. Dkts. 80, 81. The Court bifurcated the trial into a liability phase and a damages phase. Dkt. 81.

On November 12, 2025, the jury found in favor of defendants on all of plaintiff's claims. Dkt. 94 ("Jury Verdict"). Specifically, the jury found that: (1) plaintiff did not prove by a preponderance of the evidence that either Brinkman or Towe conducted an unreasonable search; (2) plaintiff did not prove by a preponderance of the evidence that either Brinkman or Towe intentionally inflicted emotional distress on the plaintiff; and (3) plaintiff did not prove by a preponderance of the evidence that Towe violated the Bane Act. Id. at 2-3.

On November 11, 2025, defendants filed the instant motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Dkt. 85 ("Mot. by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|----------|------------------------|------|----------------|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

defendants"). On February 27, 2026, plaintiff filed an opposition. Dkt. 105 ("Opp. by plaintiff). On March 2, 2026, defendants filed a reply. Dkt. 106 ("Reply by defendants").

On November 12, plaintiff filed the instant motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), as well as a request for judicial notice. Dkt. 88 ("Mot. by plaintiff"). On February 27, 2026, defendants filed an opposition to plaintiff's motion, dkt. 103 ("Opp. by defendants"), and an opposition to plaintiff's request for judicial notice, dkt. 104 (Opp. to RJN). On March 2, 2026, plaintiff filed a reply. Dkt. 107 ("Reply by plaintiff").

On March 16, 2026, the Court held a hearing. Having reviewed the evidence on the record and the parties' submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The background in this case is known to the parties and set forth in the Court's June 2, 2025 order. Dkt. 40.

## III.    LEGAL STANDARD

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue[.]" Fed. R. Civ. P. 50(a)(1); see also Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000). If the court does not grant a motion for judgment as a matter of law pursuant to Rule 50(a), a party may file a renewed motion for judgment as a matter of law after the trial. See Fed. R. Civ. P. 50(b). It is well-settled that the standard for judgment as a matter of law is the same as the standard for summary judgment. Reeves, 530 U.S. at 150 (citing Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 250–52 (1986)). The prior denial of summary judgment does not preclude a district court from later granting judgment as a matter of law pursuant to Rule 50 because the latter tests the sufficiency of the evidence actually presented at trial. See Lies v. Farrell Lines, Inc., 641 F.2d 765, 772 (9th Cir. 1981) (explaining that, after trial, a court may have "a better basis on which to determine the existence of material issues," including that there was never a true issue of fact at all).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

Judgment as a matter of law is accordingly appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the trial record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts on which a reasonable jury could have relied in order to reach the verdict that the motion challenges. Anderson, 477 U.S. at 250. In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must then decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 n. 3 (9th Cir. 1987). "A renewed motion for [judgment as a matter of law] is properly granted 'if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'" Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1242 (9th Cir. 2014) (quoting Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002)). "A jury's verdict must be upheld if it is supported by substantial evidence that is adequate to support the jury's findings, even if contrary findings are also possible." Id.

In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. Reeves, 530 U.S. at 150. In so doing, however, the Court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Id. (citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 447 U.S. at 255. Thus, although the Court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 530 U.S. at 151 (citing 9B C. Wright & A. Miller, Federal Practice and Procedure, § 2529 (3d ed. 2019)). In other words, the Court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Reeves, 530 U.S. at 151 (citing Wright & Miller, supra, § 2529).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

## IV.   DISCUSSION

### A.   Plaintiff's Request for Judicial Notice

In his motion for judgment as a matter of law, plaintiff requests that several "facts" be "considered conclusive for purposes of [his] instant motion." Mot. by plaintiff at 3-4. Plaintiff argues that these "facts" were adjudicated in a Preliminary Hearing and California Penal Code § 1538.5 Motion Hearing that occurred on August 17, 2022 and August 25, 2022 in the Los Angeles Superior Court ("State Court Hearing").[1] Id. at 3. Plaintiff argues that this Court may properly take judicial notice of the transcript from the state court hearing. Id. at 3. While plaintiff did not include the state court hearing transcript in his instant motion, the Court is in receipt of the transcript, which was previously filed by plaintiff. Dkt. 79 ("Hearing Transcript").

In opposition, defendants argue that plaintiff's proffered "facts" are inappropriate for judicial notice because they are "conclusory statements that do not accurately reflect the evidence or testimony given." Opp. by defendants at 3. Defendants further argue that the "facts" may not be judicially noticed because they are "hotly contested." Id. at 3.

In reply, plaintiff argues that because "[t]he state court considered whether the search at issue in this case was constitutional, and concluded that it was not … It is untenable for the Government to now claim that the [state court hearing] transcript[] [is] irrelevant." Reply by plaintiff at 3-4. Plaintiff argues that "the Court may take judicial notice of the hearing transcript[], which [is] directly relevant in this case." Id. at 4 (citing cases).

Pursuant to the Federal Rules of Evidence, the Court may take judicial notice of a fact "that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "[U]nder Federal Rule of Evidence 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Federal courts may "take notice of proceedings in other courts, both within and [outside of] the federal judicial system, if those proceedings have a direct relation to the matters at issue." San Luis v.

---

[1] The Hon. Eric P. Harmon presided over the state court hearing. Dkt. 79.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

Badgley, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (quoting U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

The Court takes judicial notice of the fact that the state court hearing occurred and that the transcript provided by plaintiff, dkt. 79, reflects what was said at the state court hearing. However, the Court may not take judicial notice of the state court transcript for the truth of the matters asserted therein because the truth of such matters is reasonably disputed. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) ("[T]he district court also erred by taking judicial notice of disputed matters …. [A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.' … [W]hen a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'") (citations omitted); Harris v. Nerium Int'l, LLC, No. 18-CV-02877-EDL, 2019 WL 11025879, at *4 (N.D. Cal. Jan. 25, 2019) ("A court may take judicial notice of the existence of another court's opinion, but it may not take judicial notice of any facts found by a court in another proceeding.") (citing Lee, 250 F.3d at 690 (9th Cir. 2001)). Accordingly, even assuming that plaintiff's list of proffered "facts" accurately reflects the factual conclusions made by Judge Harmon in the state court hearing, the Court may not judicially notice plaintiff's list of proffered facts as conclusive for purposes of plaintiff's instant motion.

To the extent that plaintiff argues that Judge Harmon's findings in the state court hearing have issue-preclusive effect on plaintiff's claims in this case, the Court is unpersuaded. "The extent to which state court rulings bind parties in subsequent federal litigation depends on the state's collateral estoppel law. Haring v. Prosise, 462 U.S. 306, 313-14 (1983). In California, collateral estoppel applies "if (1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding]." Lombardi v. City of El Cajon, 117 F.3d 1117, 1121 (9th Cir. 1997) (citing People v. Sims, 32 Cal. 3d 468, 484, (1982) (citation omitted) (brackets in original)."

Judge Harmon's findings in the state court hearing do not have issue preclusive effect in this case at the very least because they are not a "final judgment on the merits." Under Ninth Circuit precedent, preliminary hearing probable cause determinations are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

not final judgments on the merits.  Lombardi v. City of El Cajon, 117 F.3d 1117, 1121-22 (9th Cir. 1997).

> [In Lombardi,] like here, the plaintiff moved to suppress evidence in his state criminal prosecution under Section 1538.5 of California's Penal Code. There, like here, the state court suppressed the evidence, and the prosecution dismissed all charges. And there, like here, the criminal defendant brought suit seeking damages for a violation of his Fourth Amendment rights. With this backdrop, the Ninth Circuit said, "we have previously held that suppression rulings under Cal. Penal Code § 1538.5, if not followed by a conviction or an acquittal, are not final judgments under California law and therefore are without collateral estoppel effect in a subsequent civil suit." Since [plaintiff's] successful suppression of evidence was similarly followed by a dismissal—not a conviction or acquittal[2]—the state court's order suppressing evidence was not a final judgment on the merits.

Kidder v. Los Angeles Cnty., No. CV 14-06218-SVW-EX, 2015 WL 13439811, at *2 (C.D. Cal. Jan. 27, 2015) (citing Lombardi, 117 F.3d at 1121); accord Adom v. City of Los Angeles, No. 5:21-CV-00711-JFW-KES, 2023 WL 3958913, at *6 (C.D. Cal. May 17, 2023) (holding that the state court's denial of plaintiff's suppression motion has no issue-preclusive effect in a subsequent civil lawsuit by plaintiff against defendant officers alleged to have conducted an illegal search); cf. Scafidi v. Las Vegas Metro. Police Dep't, 966 F.3d 960, 964 (9th Cir. 2020) ("'[I]n virtually every other jurisdiction, it is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes *prima facie*—but not *conclusive*—evidence of probable cause [in a subsequent tort suit].'") (emphases in original) (citations omitted).

Accordingly, any findings of fact made in the state court hearing have no issue-preclusive effect with respect to the issues of defendants' liability in this civil action.

---

[2] At the state hearing, Judge Harmon found that the state's "factual underpinnings for the [criminal] complaint [against plaintiff] [was] insufficient and the case [wa]s not held to answer." Dkt. 79 at 66-67.  Plaintiff has provided no evidence that the criminal charges against him resulted in a conviction or acquittal such that the Ninth Circuit's holding in Lombardi would not apply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|----------|------------------------|------|----------------|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

**B.     Plaintiff's Motion for Judgment as a Matter of Law**

Plaintiff moves for judgment as a matter of law on his Fourth Amendment, Bane Act, and intentional infliction of emotional distress claims.  Mot. by plaintiff at 4-8.

1.     Fourth Amendment Claim

Plaintiff argues that "it was unreasonable for Defendants to enter and search Unit 6 as a matter of law" because "the overwhelming evidence [establishes] that everyone knew that there was no warrant in place for Unit 6," and that "[b]efore even entering Unit 6, it was clear [to the defendant officers] that the corner unit was Unit 6 and the middle unit was Unit 7. At the very least, there was some confusion." Id. at 6.  Moreover, plaintiff argues that the defendant officers "had a duty to stop their search as soon as they realized they did not have a warrant for Unit 6 before even entering Unit 6," but that they "did not stop their search in violation of the Fourth Amendment." Id. at 7.

In opposition, defendants argue that the defendant officers did not violate plaintiff's Fourth Amendment rights because the search conducted was reasonable.  Opp. by defendants at 4.  Defendants argue that the officers' search was reasonable in part because "[t]he rear door themselves to Units 6 and 7 were not clearly marked," because "[t]he numbers on one of the sheds was not seen by Officer Brinkman and caused confusion for the SWAT Officers at scene," because "all individuals, including Plaintiff[,] exited out of the door described in the search warrant," and because "Plaintiff was … seen walking freely in what was believed to be one unit." Id. at 4.  Defendants further argue that while the Fourth Amendment requires "officers … to stop searching [an] apartment when they discover[] that [it] [i]s divided into several units," here, "[p]laintiff was … seen walking inside the [Units] freely, unencumbered," "[o]fficers were unencumbered in their ingress and egress between [Units 6 and 7]," and "[o]fficers believed [Units 6 and 7] to be all one shared space and did not see in the interior any evidence that they were two separate, distinct units." Id. at 5.  Thus, defendants argue that the officer defendants' search of plaintiff's Unit 6 did not violate the Fourth Amendment as a matter of law.

Moreover, defendants argue that plaintiff's Fourth Amendment claim fails as a matter of law because Brinkman and Towe are entitled to qualified immunity. Defendants argue that neither Brinkman nor Towe's conduct violated a clearly established statutory or constitutional right because they "searched the building that was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

described in the warrant," because they "searched within the parameters set forth in the warrant," and because they received no notice that plaintiff's Unit 6 exceeded the scope of the warrant, given that "Plaintiff modified the building to internally, make [Units 6 and 7] function as one unit." Id. at 8.

In reply, plaintiff argues that the evidence establishes as a matter of law that the defendant officers violated his Fourth Amendment rights because "[b]oth Brinkman and Towe acknowledged that they did not have a warrant that legally authorized them to enter Unit 6, did not have consent to enter Unit 6, and were not authorized with any exigent circumstances authorizing them to enter Unit 6." Reply by plaintiff at 5. Plaintiff argues that "[t]here is no question that the people ordered to exit the premises told LAPD officers that they were in Unit 6," that "[t]he LAPD SWAT body worn cameras show officers [were] confused by the Unit 6 sign on the entrance way," and that "[t]he outside signage was clear that the entrance LAPD SWAT was breaching belonged to Unit 6." Id. at 5. Accordingly, plaintiff argues that the defendant officers "knew prior to entering Unit 6 that they had no legal authorization to do so. But they did so anyway." Id. at 5.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "To prevail on a section 1983 claim based on the Fourth Amendment, a plaintiff must show that the state actor's conduct was an unreasonable search or seizure." Sandoval v. Cnty. of Sonoma, 912 F.3d 509, 515 (9th Cir. 2018). "Searches conducted without a warrant are presumptively unreasonable under the Fourth Amendment." United States v. Brunick, 374 F. App'x 714, 715 (9th Cir. 2010). "A search must be limited to the terms of the warrant." United States v. Crozier, 777 F.2d 1376, 1381 (9th Cir. 1985). "Thus, a search or seizure pursuant to an otherwise valid warrant is unreasonable under the Fourth Amendment to the extent it exceeds the scope of that warrant." United States v. Ramirez, 976 F.3d 946, 952 (9th Cir. 2020) (stating that "a warrant to search the main house located at a specific address does not provide a license to search a detached dwelling that is not described in the warrant.").

In this case, the parties stipulated, and the Court instructed the jury, "that the original warrant [obtained by the defendant officers] to search 19458 Ventura Boulevard, Unit 7 was valid." Dkt. 90 ("Jury Instructions") at 21. Thus, the primary issue at trial was whether the defendant officers' execution of that valid warrant was unreasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

"Because many situations which confront officers in the course of executing their duties are more or less ambiguous, [the law allows] room … for some mistakes [in the execution of search warrants]." Illinois v. Rodriguez, 497 U.S. 177, 186 (1990) (quoting Brinegar v. United States, 338 U.S. 160, 176 (1949)). Thus, an officer's mistake in executing a search warrant is not unreasonable if "the officer['s] [mistake] … was objectively understandable and reasonable." Maryland v. Garrison, 480 U.S. 79, 88 (1987) (holding that where "[officers] perceived [an individual's] apartment and the third-floor premises as one and the same … [the officers'] execution of the warrant reasonably included the entire third floor."). If officers discover, during the course of their search, that they have made a mistake in executing a warrant, the officers must stop their search. See id. at 86; Liston v. Cnty. of Riverside, 120 F.3d 965, 979 (9th Cir. 1997), as amended (Oct. 9, 1997) ("[U]ntil the officers learned that they were in the wrong house, the officers could have reasonably believed, under these precedents, that the way they conducted the search was lawful."); United States v. Johnson, 469 F. App'x 632, 637 (9th Cir. 2012) ("If, during the search, the officers become aware that the warrant describes multiple residences, the officers must confine their search to the residence of the suspect.") (cleaned up).

At trial, the parties presented evidence relevant to the issue of whether the officers' execution of the warrant was unreasonable and a violation of the Fourth Amendment. The evidence included testimony by plaintiff and the defendant officers, LAPD SWAT body worn camera footage, photographs of the exterior of the building containing Units 6 and 7, and expert testimony by plaintiff's police practices expert Dave Torres. See dkts. 63, 68, 72, 74 (exhibit and witness lists). The evidence presented could support a finding that the defendant officers' execution of the warrant—which ultimately resulted in a search of Unit 6—was reasonable, and that the officers mistakenly—but reasonably—believed that they executed a search on Unit 7; for example, Brinkman testified that she reasonably believed she entered Unit 7, given that the rear doors to Unit 6 and Unit 7 were not clearly marked, and testified that once she entered the building structure, she did not perceive any distinction between Units 6 and 7. Conversely, the evidence presented could support a finding that the defendant officers' execution of the warrant was unreasonable, and that the officers' intentionally searched what they knew was Unit 6 despite knowing that they had authorization to search only Unit 7; for example, the photographs of the exteriors of Units 6 and 7 could have been interpreted by a jury to indicate a clear demarcation between the two Units, and evidence that Brinkman instructed Officer Vargas to obtain an amendment to the original warrant to include Unit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|----------|------------------------|------|----------------|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

6 could have been interpreted by a jury as evidence that Brinkman knew, upon entering the building, that Units 6 and 7 were distinct.

Weighing the evidence presented, the jury found that plaintiff did not prove by a preponderance of the evidence that either Brinkman or Towe conducted an unreasonable search in violation of the Fourth Amendment. Jury Verdict at 2. The Court finds that the jury's verdict was reasonable because, as discussed above, the defendants set out specific facts on which the jury could have relied in reaching its verdict. See Anderson, 477 U.S. at 250. Reviewing the record as a whole and disregarding all evidence favorable to the moving party that the jury is not required to believe, the Court finds that there was sufficient evidence to support the jury's verdict. See Reeves, 530 U.S. at 151. Accordingly, plaintiff is not entitled to judgment as a matter of law on his Fourth Amendment claim.

2.     Bane Act Claim

As to his Bane Act claim, plaintiff argues that he is entitled to judgment as a matter of law because "[he] testified that Defendant Towe threatened, intimidated, and coerced him to provide pass codes to his safes" and that "Defendant Towe, through threat, intimidation, or coercion, interfered with Plaintiff Koch's Fourth Amendment rights" by unreasonably searching plaintiff's safes in Unit 6. Id. at 8.

In opposition, defendants argue that plaintiff's Bane Act claim fails as a matter of law because none of his constitutional rights were violated. Opp. by defendants at 9. Defendants further argue that "[t]here also is no evidence that the officers involved in this incident acted with threats, coercion or physical violence in order to interfere with Plaintiff's constitutional rights," "no evidence that the officers acted with a specific intent to violate Plaintiff's constitutional rights," and "no evidence that any officer prevented him from doing something he had the right to do, or forced him to do something he was not required to do." Id. at 9-10.

Moreover, defendants argue that the officer defendants have immunity to plaintiff's Bane Act and intentional infliction of emotional distress claims pursuant to Cal. Gov. Code §820.2 and Cal. Gov. Code §821.6. Id. at 5-6.

In reply, plaintiff argues that "the evidence established that Brinkman and Towe specifically intentionally entered Unit 6[] without a warrant" because "Brinkman directed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

Officer Vargas to obtain an amendment to the warrant to include Unit 6, and over one hour *before* that warrant amendment was returned," because "[Brinkman] intentionally entered and searched Unit 6," and because "Towe threatened Plaintiff … to turn over the passcodes to his safes -- none of which Towe would have known about had he not entered Unit 6." Id. at 9.

For reasons explained in the Court's June 2, 2025 order, the officer defendants are not entitled to governmental immunities, pursuant to Cal. Gov. Code §820.2 and Cal. Gov. Code §821.6, with respect to plaintiff's Bane Act and intentional infliction of emotional distress claims.  Dkt. 40 at 9-11.

"The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by threats, intimidation or coercion. Section 52.1 provides a cause of action for violations of a plaintiffs state or federal civil rights committed by threats, intimidation, or coercion." Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (citations and quotations omitted).  The Bane Act requires "a specific intent to violate the arrestee's right to freedom from unreasonable seizure," but "does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." Id. at 1043.

Here, the evidence presented—including plaintiff's testimony—could support a finding that Towe used threats, intimidation, or coercion to force plaintiff to turn over the passcodes to his safes pursuant to an unreasonable search.  However, there was also sufficient evidence to support the jury's contrary finding that Towe did not engage in threats, intimidation, or coercion in requesting plaintiff to turn over the passcodes to his safes.  For example, the jury could have reached its verdict after crediting Towe's testimony that he requested plaintiff to provide the codes to his safes as a courtesy to plaintiff and to avoid destroying the plaintiff's property that were subject to search pursuant to a valid warrant.  See Opp. by defendants at 10.  Accordingly, plaintiff is not entitled to judgment as a matter of law on his Bane Act claim.

3.      Intentional Infliction of Emotional Distress Claim

Plaintiff also argues that he is entitled to judgment as a matter of law on his intentional infliction of emotional distress claim because the defendant officers' "conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

was extreme and outrageous … given that [the defendant officers] violated Plaintiff's Fourth Amendment rights in a military style operation." Id. at 7-8.

In opposition, defendants argue that this claim fails as a matter of law because the defendant officers' conduct was lawful. Because the defendant officers' "search [wa]s supported by probable cause and a warrant [wa]s signed by a judge, the officers' actions [we]re lawful and cannot form the basis for outrageous conduct." Id. at 10-11.

In reply, plaintiff repeats that the defendant officers' "intentional, deliberate violation of Plaintiff's constitutional right to be free from an unreasonable search and seizure of his property … constitutes extreme and outrageous conduct." Id. at 10.

In order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must establish: (1) that the defendant engaged in outrageous conduct; (2) that the defendant engaged in such conduct with the intention of causing plaintiff to suffer emotional distress; (3) that the plaintiff suffered severe emotional distress; and (4) that the plaintiff's emotional distress was actually and proximately caused by the defendant's conduct. Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (1993). To qualify as outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Christiansen v. Sup.Ct., 54 Cal.3d 868, 903 (1991).

Here, the evidence presented could support a finding that the defendant officers intentionally engaged in outrageous conduct and caused the plaintiff to suffer severe emotional distress; for example, plaintiff testified that the defendant officers acted outrageously towards him as they executed the search warrant. However, there was also sufficient evidence to support the jury's contrary finding that the defendant officers did not intentionally engage in outrageous conduct; for example, Brinkman's and Towe's testimonies that they executed the warrant reasonably and that they never intended to cause plaintiff severe emotional distress. Accordingly, plaintiff is not entitled to judgment as a matter of law on his intentional infliction of emotional distress claim.

**C.      Defendants' Motion for Judgment as a Matter of Law**

The Court denies defendants' motion as moot because the jury returned a verdict in favor of the defendant officers on all claims for which the defendants now move for judgment as a matter of law. See Fed. R. Civ. P. 50 advisory committee's note to the 1991 amendment ("a jury verdict for the moving party moots" a Rule 50 motion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:23-cv-07714-CAS-ASx | Date | March 17, 2026 |
|----------|------------------------|------|----------------|
| Title | Sascha B. Koch v. City of Los Angeles et al. | | |

## V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for judgment as a matter of law.

The Court **DENIES** defendants' motion for judgment as a matter of law as moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |